IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER BRIAN FIROR | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. JFM-16-435 |
| WARDEN GEORGE HARDINGER | * | |
| Respondent. | | |

\*\*\*\*\*

## MEMORANDUM

On February 11, 2016, the court received for filing the above-captioned fee-paid 28 U.S.C. § 2241 petition for writ of habeas corpus by Christopher Brian Firor ("Firor"), a prisoner housed at the Carroll County Detention Center ("CCDC"). Firor states that in May of 2014, he was sentenced in in the Circuit Court for Carroll County to a cumulative five-year term in two criminal cases. He claims that on March 31, 2015, he was re-sentenced to consecutive 18-month terms to be served at the CCDC. ECF No. 1. Firor asserts that when re-sentenced he had already served 315 days on both sentences and complains that the credit for time served was not applied to his re-imposed sentence. He seeks the award of those credits and release from confinement. *Id.*

Inasmuch as Firor is seeking the award of credits, which would go to the execution of his sentence, his action shall be construed as a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.[1] For reasons to follow the petition shall be dismissed without prejudice.

---

[1] When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a petition for a writ of habeas corpus

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter).

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Rose v. Lundy*, 455 U.S. 509 (1982). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 at 523.

An inmate claiming an entitlement to an immediate release can seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals; and

3. Seeking certiorari to the Court of Appeals from a decision by the Court of Special Appeals.

---

brought under 28 U.S.C. § 2241 is used to challenge the execution of a sentence. *Id.* at 811; *see McIntosh*, 115 F.3d at 811–12 (A challenge to the validity of an inmate's conviction and sentence should be brought under § 2254, while an attack on the execution [length and duration] of his sentence is properly brought pursuant to § 2241); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

2

The state court docket (Maryland Judiciary Case indices)[2] show that no habeas corpus petition was received for filing in the state court. Thus, Firor has not exhausted his state court remedies as to his issue. His action must be dismissed for the failure to exhaust available state court remedies. *See Braden*, 410 U. S. at 490-91. A separate Order follows.

Date: February 2, 2016

J. Frederick Motz
United States District Judge

---

[2] *See* http://www.casesearch.courts.state.md.us/inquiry.

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2016 FEB 25 AM 11:51
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY